```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION


UNITED STATES OF AMERICA

VS.                              CRIMINAL NO. 5:07-cr-27(DCB)(LRA)
                                 CIVIL ACTION NO. 5:09-cv-197(DCB)

MARK A. NECAISE                                         DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Mark A. Necaise's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (**docket entry 74** in criminal no. 5:07-cr-27). Having carefully considered the motion and the United States' response, as well as the memoranda of the parties and the applicable law, the Court finds as follows:

In order to prevail on a motion to vacate, set aside, or correct his sentence under Title 28 U.S.C. § 2255, the movant must show one of the following: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. United States v. Addonizio, 442 U.S. 178, 185 (1979); United States v. Placente, 81 F.3d 555, 558 (5th Cir.1996). Relief requested under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete

miscarriage of justice."  United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

Defendant Mark Necaise and two co-defendants were arrested on October 17, 2007, pursuant to arrest warrants resulting from a Criminal Complaint concerning the sale of methamphetamine and another Criminal Complaint alleging a conspiracy to sell methamphetamine.[1]  The Criminal Complaints and arrests were the result of an extensive joint state/federal investigation into drug trafficking and extensive wildlife violations, including spotlighting deer at prime locations throughout the State of Mississippi such as Panther Swamp National Wildlife Refuge.

Mark Necaise, along with co-defendant John Cuevas, Jr., was represented by Donald Rafferty at the initial appearance on October 18, 2007, before United States Magistrate Judge Robert Walker.  Fred Lusk appeared on behalf of Necaise at the detention hearing on October 24, 2007, and Donald Rafferty was formally withdrawn as Necaise's counsel on November 27, 2007.  Rafferty continued to represent Cuevas throughout the remainder of the proceedings.

Mark Necaise, along with Samuel Necaise and John Cuevas, Jr., was indicted by the grand jury on November 7, 2007, in Case No. 5:07-cr-27(DCB)(LRA).  Count 1 charged Mark Necaise with

---

[1] See S.D. Miss. Criminal No. 1:07-mj-548 (charging Mark Necaise and Samuel Necaise) and Criminal No. 1:07-mj-549 (charging John Cuevas with conspiring with Mark Necaise).

distribution of 5 grams or more of methamphetamine on September 23, 2006, in violation of 21 U.S.C. §841(a)(1). Count 2 charged him with conspiracy to distribute 5 grams or more of methamphetamine on October 13, 2006, in violation of 21 U.S.C. §846. Each of these felony offenses carries a minimum statutory sentence of 5 years imprisonment.

Defendant's counsel, Fred Lusk, entered into plea negotiations with the government on his behalf, which resulted in a proffer agreement between Necaise and the government. Lusk reviewed substantial evidence of Necaise' guilt during the discovery process, including video and audio recordings of the two drug transactions in the indictment as well as numerous wildlife violations. These negotiations ultimately resulted in a cooperating plea agreement between Mark Necaise and the government in which Necaise agreed to plead guilty to the two counts in the indictment and to plead guilty to four specified wildlife violations. The plea agreement required the defendant to cooperate fully. In return, the government agreed not to pursue any other charges against the defendant, agreed to recommend a sentence within the lower 25% of the guideline range calculated by the Court, and agreed to recommend that the defendant's sentence not exceed 120 months, regardless of the guideline range. The plea agreement also notified the defendant that if he committed any other crimes, the government's obligations were rescinded. See

Defendant's Exhibit C, Plea Agreement.

On March 18, 2008, Mark Necaise entered a guilty plea consistent with the plea agreement in U.S. District Court in Natchez. He affirmed under oath that he was mentally competent, that he understood the nature of the charges against him, that he understood the proceedings, and that he was satisfied with the representation of his counsel. Necaise also stated that he understood the terms of the plea agreement and agreed with the factual basis for the plea of guilty. The Court found him competent and accepted his plea of guilty as knowing and voluntary.

During April of 2008, Necaise filed two motions with the Court. The first was entitled "Motion to Reduce Charge from Felony to Misdemeanor," and the second was entitled "Motion to Substitute Attorney." Both of these motions sought, among other things, to relieve Fred Lusk as counsel and to modify or rescind the defendant's guilty pleas.

On April 24, 2008, defendant Mark Necaise attempted to escape from the Madison County Detention Center where he was in federal custody pending sentencing. Necaise became entangled in razor wire trying to scale the fence and was seriously injured. After he was treated for his injuries, he was later found hanging by an ACE bandage in an apparent attempt to commit suicide. He was resuscitated and recovered fully after proper medical treatment.

Defendant's counsel, Fred Lusk, filed a motion to withdraw as

his counsel on May 1, 2008, stating that Necaise no longer wanted him as counsel and also stating that Necaise had failed to meet his financial obligations to Mr. Lusk.  Government's Exhibit C, Motion to Withdraw.[2]

Magistrate Judge Linda Anderson held a hearing on May 14, 2008, on the defendant's motions and on Mr. Lusk's motion.  At that time, the defendant stated that he was trying to hire Donald Rafferty, but that he had been unable to do so.  The Court rescheduled a hearing for May 21, 2008, and held a second hearing on that date.  Ultimately, Fred Lusk resumed his representation of Mark Necaise.  Donald Rafferty never entered a second appearance on his behalf.  Mark Necaise was sentenced on June 26, 2008 to 121 months, which was the bottom of the guideline range as calculated by the Court.

Shortly after sentencing, Mark Necaise filed a pro se motion seeking court-appointed counsel on appeal. Government's Exhibit D, Motion for Court-Appointed Counsel.  That motion was granted, and the Federal Public Defender's Office was appointed.  The defendant appealed his sentence to the Fifth Circuit, which affirmed the sentence.

The defendant claims that his counsel was ineffective.  A claim of ineffective assistance of trial or appellate counsel

---

[2] Defendant incorrectly states that Mr. Lusk's motion to withdraw was not filed.  The motion was filed in 5:08-cr-9 on May 1, 2008 (Docket Entry No. 8).

requires the moving party to demonstrate (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000). The Court need not reach the issue of whether counsel's performance was deficient if there is no prejudice to the defendant. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697. Prejudice is shown in the context of a guilty plea only if, but for counsel's ineffectiveness, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Necaise argues that his counsel was deficient for failing to obtain a judicial determination that his client breached the plea agreement. However, the Court clearly stated at sentencing that Necaise had breached the plea agreement by the commission of a new offense – attempted escape. The Court held that "This man is not eligible for a decrease for acceptance of responsibility pursuant to 3E1.1(a) and (b) due to breaches by him of the plea agreement, his commission of new offenses or a new offense, which was the attempted escape." June 27, 2008 Transcript, p.7. Because of the finding by the Court, this assignment of error is without merit.

There is no question that the defendant attempted to escape

from federal custody and that he therefore breached the plea agreement by his attempted escape.  As his appellate counsel, Dennis Joiner, states in his affidavit, "It cannot be reasonably disputed that on April 24, 2008, Mr. Necaise attempted to escape from the Madison County Detention Center."  Government's Exhibit B, Affidavit of Dennis Joiner, p. 4.  Mr. Joiner also points out that "Mr. Necaise has not disputed that this attempt occurred, as he was caught entangled in fence wiring during the attempted escape."  Joiner Affidavit, p. 3.  The escape attempt constituted a new crime, which breached the plea agreement.

The plea agreement required the defendant to plead guilty to certain charges, and his attempt to withdraw his guilty plea was yet another breach.  The defendant's Motion to Substitute Counsel clearly stated that he wanted to withdraw his guilty plea.  Faced with this clear breach of the plea agreement, Necaise now states for the first time that he did not file or authorize this pleading, even though he was directly asked about it by Magistrate Judge Anderson on May 14, 2008.  This assertion by Necaise is not credible.

In addition, Necaise does not deny filing the "Motion to Reduce Charge from Felony to Misdemeanor" in which he asks the Court to drop the felony charges to misdemeanor charges.  Because the plea agreement required him to plead guilty to the two felony counts in the indictment, this motion was also a breach of that

7

agreement. Even if Necaise's counsel had sought an additional finding from the Court as to whether or not he breached the plea agreement, the Court would have found that he did in fact breach the plea agreement.

The defendant also argues that he missed out on a sentencing reduction under either Rule 35 or U.S.S.G. § 5K1.1 when the plea agreement was nullified. However, the clear language of the plea agreement refutes this argument. The plea agreement does not require the government to move for a reduced sentence under Rule 35 or U.S.S.G. § 5K1.1, but instead states that such a motion is possible if the defendant provides substantial assistance. Paragraph 2(b) of the Plea Agreement states as follows:

> Should the U.S. Attorney's Office determine that Defendant has provided substantial assistance to law enforcement officials in an investigation or prosecution, **and has fully complied with the understandings specified in this Agreement**, then the government may submit a motion pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 5K1.1 (and Title 18, United States Code, Section 3553(e), if applicable), requesting that the Court sentence Defendant in light of the factors set forth in U.S.S.G. § 5K1.1(a)(1)-(5). **The determination as to whether Defendant has provided such substantial assistance shall rest solely within the discretion of the relevant law enforcement agencies involved in conjunction with the U.S. Attorney's Office.** Should the U.S. Attorney's Office determine that Defendant has provided substantial assistance to law enforcement officials in an investigation or prosecution, and has fully complied with the understandings specified in this Agreement, then the government may submit a motion pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 5K1.1 (and Title 18, United States Code, Section 3553(e), if applicable), requesting that the Court sentence Defendant in light of the factors set forth in U.S.S.G. § 5K1.1(a)(1)-(5). The

>    determination as to whether Defendant has provided such
>    substantial assistance shall rest solely within the
>    discretion of the relevant law enforcement agencies
>    involved in conjunction with the U.S. Attorney's Office.

Plea Agreement, p. 2. The defendant was required to comply with the plea agreement. His commission of another crime by his attempted escape eliminated any possibility of a §5K1.1 or Rule 35 motion. In addition, the plea agreement required him to provide substantial assistance to law enforcement, as determined by the relevant law enforcement agencies and the U.S. Attorney's Office, in order to qualify for either a Rule 35 or U.S.S.G. § 5K1.1 reduction.[3]

According to law enforcement agents involved in the case, Necaise did not provide any information that would rise to the level of substantial assistance. Necaise's attempted escape and his attempt to withdraw his guilty plea are likewise inconsistent with substantial assistance.

The defendant claims that information that he provided was used to enhance his sentence. However, he has not stated what this information was and how it was used to enhance his sentence.

The defendant further claims that he was denied a three-point

---

[3] Under Department of Justice policy, the individual prosecutor handling the case does not have the authority to move for a sentence reduction under §5K1.1 or Rule 35. Such a decision requires the approval of a supervisor, usually with the agreement of the law enforcement agency that investigated the case, before the motion can be made.

reduction for acceptance of responsibility and missed out on the safety valve.  However, the defendant's escape attempt rendered him ineligible for these regardless of whether or not the plea agreement remained in effect.  The three-point reduction is really a one-point reduction granted on the motion of the government where a defendant qualifies for the two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.  On direct appeal, Necaise argued that he should have received this two-point reduction.  The Fifth Circuit held that his escape attempt was a sufficient basis for denying him the benefit of the two-point acceptance of responsibility reduction.  <u>U.S. v. Necaise</u>, 2009 WL 2391411, No. 08-60856 (5th Cir., August 05, 2009).

    The defendant also argues that he was prejudiced without the operation of the plea agreement because he received a two-level increase in the guideline range for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1), and because he received a two-level increase in the guideline range for his attempted escape under U.S.S.G. § 3C1.1.  However, nothing in the plea agreement would have prevented the application of these enhancements.  Both of these enhancements would have applied even if the plea agreement had remained in force, and defendant was therefore not prejudiced.

    Finally, the defendant fails to note that the plea agreement specifically states that the Court is not bound by any of the recommendations that the government makes pursuant to the plea

agreement.  Thus, even if the plea agreement had remained in force, there is no guarantee that the Court would have followed the government's recommendation.

Necaise also states that his counsel was deficient for failing to obtain a mental evaluation, and he further asserts, without any factual support, that he was mentally incompetent during the commission of the crime, at the time of his guilty plea, and at sentencing.  The sole basis for this claim is his attempted escape and the subsequent suicide attempt on April 24, 2008.

As an initial matter, the failure of counsel to request a mental evaluation does not rise to the level of ineffective assistance of counsel.  "The Court finds that counsel's failure to conduct these evaluations does not fall outside the realm of reasonableness.  Generally, counsel's decision not to request mental health evaluations does not establish ineffective assistance of counsel."  U.S. v Hopkins, 2008 WL 4534396 (E.D. La. Oct. 6, 2008)(citing Williams v. Head, 185 F.3d 1223, 1242 (11th Cir. 1999)(finding that "strategic decisions" such as a decision "not to request another mental evaluation ... are virtually unassailable")).

Necaise was not prejudiced by this decision because he was not incompetent at any of the relevant stages of the case.  First, the offenses of which he stands convicted occurred in September and October of 2006.  He was not arrested until approximately a year

11

later, yet he continued to live a normal life up until that point. Second, there was no indication that he was incompetent at the time of his guilty plea on March 18, 2008. He was able to answer questions directly from the Court concerning his age, education, the time of his arrest and the facts to which he was pleading guilty. The following colloquy concerning his mental status occurred between the defendant and the Court at the change of plea hearing:

>   THE COURT: Are you under doctor's orders to take medication that you have not taken according to those orders?
>
>   THE DEFENDANT: No, sir.
>
>   THE COURT: All right. Mr. -- have you ever been a patient in a mental institution?
>
>   THE DEFENDANT: No, sir.
>
>   THE COURT: Have you ever been treated by a psychiatrist or a psychologist?
>
>   THE DEFENDANT: No, sir.
>
>   THE COURT: I want to be sure that you're mentally competent today. Mr. Lusk, do you raise any question about the competency of your client, sir?
>
>   MR. LUSK: I certainly do not, Your Honor.
>
>   THE COURT: All right. How long have you been representing him, Mr. Lusk?
>
>   MR. LUSK: Your Honor, I've represented him from an initial arrest when he was arrested back in early October.
>
>   THE COURT: All right, sir. Does the government raise any question about the competency of this -- this defendant, Mr. Fulcher?

> MR. FULCHER: We raise no question, Your Honor.
>
> THE COURT: All right. I will find -- at the time of the offenses, the offenses, all of them, Mr. Necaise, were you able to distinguish right from wrong, sir?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. I will find you competent today and competent at the time of the offenses.

Transcript, March 18, 2008, pp. 5 - 6.  As his appellate counsel, Mr. Joiner, points out in his affidavit, the defendant appeared before three federal judges during the course of this case without any of these three finding any indication of mental incompetency at any time.  Joiner Affidavit, pp. 5-6.  Furthermore, Necaise responded coherently to questions at each of the various hearings.  At his sentencing, Necaise addressed the Court directly, expressed remorse for his actions and asked the Court for leniency.  Defendant's Exhibit E, Transcript of Sentencing Hearing, June 26, 2008.

After sentence was pronounced, Necaise asked the Court to appoint an attorney to file an appeal on his behalf.  The Court instructed him to file the proper motion for appointed counsel.  Only a few weeks later, Necaise filed a _pro se_ motion for court-appointed counsel for his direct appeal, which was granted.  Government's Exhibit D, Motion for Appointment of Counsel.  This is hardly the behavior of someone who is not mentally competent, and the failure of his counsel to move for a mental examination was not ineffective assistance of counsel.

It is also clear that Fred Lusk did not have a conflict of interest, as he explains in his affidavit. Government's Exhibit A, Affidavit of Frederick J. Lusk, Jr. Mr. Lusk did not represent the defendant's wife at the same time that he represented the defendant; he only represented her later in the couple's divorce upon Necaise's request and after Necaise had been sentenced. Mr. Lusk did not represent the defendant on appeal. The defendant makes only conclusory allegations of a conflict of interest, which are directly refuted by his prior counsel. He has shown no basis for conducting an evidentiary hearing on this matter. See <u>Harris v. Johnson</u>, 81 F.3d 535, 540 (5th Cir. 1996)("conclusory allegations will not suffice to mandate either discovery or a hearing").

The defendant claims that his counsel failed to file objections to the Presentence Investigation Report ("PSR"), but fails to state what those objections should have been. There is no prejudice to the defendant when his counsel fails to make meritless objections. Necaise further claims that he did not have sufficient time to review the PSR with his counsel. Mr. Lusk directly contradicts this claim in his affidavit. But even if true, there was no cognizable prejudice to the defendant under 28 U.S.C. § 2255. Claims of inadequate time to review a PSR before sentencing are properly brought under Fed. R. Crim. P. 32. "[V]iolations of Rule 32 that can be raised on direct appeal ... are not cognizable for the first time in a 28 U.S.C. § 2255 proceeding." <u>U.S. v.</u>

Weintraub, 871 F.2d 1257, 1266 (5th Cir. 1989).  This Court can correct a Rule 32 violation on collateral attack only if the § 2255 movant can demonstrate that the error could not have been brought to the Court's attention earlier.  U.S. v. Bartholomew, 974 F.2d 39, 43 (5th Cir. 1992).  Necaise does not provide any reason why this error could not have been addressed on direct appeal.  As previously noted, the two enhancements clearly applied in this case, and defense counsel was not ineffective for failing to object to these enhancements.

The Court also finds that the defendant's guilty plea on March 18, 2008, was knowing and voluntary.  His attempted escape and attempted suicide on April 24, 2008, did not render his prior actions invalid or unknowing, nor did they render his criminal acts of a year and a half earlier involuntary.  There is no evidence whatsoever that the defendant was suffering any side effects from Prozak that rendered him not responsible for his behavior.  Furthermore, at his change of plea hearing, Necaise stated under oath that he was satisfied with his counsel and the amount of time that he had spent on the case:

> THE COURT: The next question I will ask you is a question I ask all defendants that appear before me. Are you satisfied with the amount of time and quality of advice given to you by the honorable Fred Lusk?
>
> THE DEFENDANT: Yes, sir.

March 18, 2008, Transcript p. 6.  As previously noted, the defendant appeared before three federal judges, none of whom found

any indication that a mental examination was warranted. Furthermore, he was previously represented by three different attorneys, none of whom noted any indication that a mental examination was warranted. This claimed error is without merit.

Finally, Necaise claims that he was denied his right to his choice of counsel because he was unable to secure representation by Donald Rafferty in May of 2008. However, the right to counsel of one's choice is not an absolute right and does not survive a conflict of interest. U.S. v. Gharbi, 510 F.3d 550 (5th Cir. 2007). As previously mentioned, Donald Rafferty withdrew as counsel for Necaise after the initial appearance, and instead represented Necaise's co-defendant John W. Cuevas, Jr. That representation was ongoing at the time that Necaise sought to change lawyers, and that conflict was directly irreconcilable. Furthermore, there is no evidence that Rafferty would have been willing to represent Mark Necaise or that John W. Cuevas, Jr. would have waived any conflict. There is no violation of the right to counsel of one's own choosing when an attorney declines representation. Wheat v. U.S., 486 U.S. 153 (1988). Because Mr. Rafferty, who previously withdrew as Mark Necaise's attorney, never sought to enter an appearance on his behalf, there was no need for the Court to conduct a conflict of interest hearing. Finally, the defendant was informed that the Court would appoint the Federal Public Defender's Office to represent him in the event that he was unable to pay for a new

attorney.  Necaise had the choice to abandon Mr. Lusk as his attorney even if he was unable to secure Mr. Rafferty as his attorney.  This claimed error is also without merit.

Inasmuch as the defendant has failed to meet the criteria for relief under 28 U.S.C. § 2255, the defendant's motion is without merit and shall be denied.  Accordingly,

IT IS HEREBY ORDERED that the defendant Mark A. Necaise's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 **(docket entry 74** in criminal no. 5:07-cr-27) is DENIED, and civil action no. 5:09-cv-197 shall be dismissed with prejudice.  A separate judgment in compliance with Fed.R.Civ.P. 52 shall issue.

SO ORDERED, this the 5th day of April, 2011.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE