```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

UNITED STATES OF AMERICA

VS.                                    CRIMINAL NO. 5:07-cr-27(DCB)(LRA)

MARK A. NECAISE                                                DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the defendant Mark A. Necaise ("Necaise")'s Motion for Return of Property **(docket etnry 69)**. Having carefully considered the motion, the government's response, the parties' memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

Necaise was arrested on October 17, 2007, and was subsequently indicted on one count of distributing 5 grams or more of Methamphetamine in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to distribute 5 grams or more of Methamphetamine in violation of 21 U.S.C. § 846.  He ultimately pled guilty to both counts and was sentenced on June 26, 2008, to a term of 121 months imprisonment on both counts to run concurrently, to be followed by a 4 year term of supervised release per count, also to run concurrently.  On October 22, 2009, he filed a motion for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.  In his motion, he lists 16 items of property he alleges were seized by the government and not returned to him.  He further alleges:

> the above listed items have not as of this writing been returned to the Defendant notwithstanding numerous telephone calls by the Defendant and/or his family to the Investigating Agents as well as to counsel for the Government requesting the return of these items ... all to no avail. The Government has not denied that it seized these items and has thus far failed to explain the reason(s) they continue to retain the seized [] property.
> ...
>
> In the event the property cannot be returned due to the Government's negligence, then the Court is requested to order the Government to provide a cash payment in settlement of this claim.

Motion for Return of Property, p. 4.

In response, the government alleges that it is not in possession of the items listed in Necaise's motion. The response further alleges, "Apparently these items are being held as evidence by the [Mississippi Department of Wildlife, Fisheries and Parks] and may also be subject to a pending forfeiture proceeding." Government's Response, p. 1.

Since Necaise's motion was filed after his conviction and sentence, it is not properly before the Court. <u>Clymore v. United States</u>, 217 F.3d 370, 373 (5th Cir. 2000)("as the criminal proceeding against [Clymore] had already concluded when he brought this action, it should have been brought as a civil action for the return of property"). Necaise must therefore file a separate civil suit under 28 U.S.C. § 1331 seeking the return of property, and pay the appropriate filing fee. <u>Pena v. United States</u>, 122 F.3d 3,4 n.3 (5th Cir. 1997)("A suit under § 1331 invokes the general equity jurisdiction of the federal courts. The jurisdiction to order

2

suppression or return exists not by virtue of any statute but rather derives from the inherent authority of the court over those who are its officers."). The Court will therefore deny the defendant's motion without prejudice to the filing of a separate civil action.

The Court also notes that it cannot order the government to return property that it does not possess. However, there is presently no evidence before the Court to substantiate the government's allegation. Should the defendant choose to pursue his claim in a civil action, the Court advises the government that it must respond appropriately, presumably by motion for summary judgment, and must follow the Federal Rules of Civil Procedure.

Accordingly,

IT IS HEREBY ORDERED that the defendant Mark A. Necaise's Motion for Return of Property **(docket etnry 69)** is DENIED without prejudice to the filing of a separate civil action.

SO ORDERED, this the 14th day of April, 2011.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE