IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                              CRIMINAL NO. 5:07-cr-27(DCB)(LRA)

MARK A. NECAISE                                          DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the defendant Mark A. Necaise's Motion for Relief from Judgment Under Fed.R.Civ.P. 60(b) **(docket entry 99)**. Having carefully considered the motion, the Government's response, and the applicable law, and being fully advised in the premises, the Court finds as follows:

The defendant previously filed a petition pursuant to 28 U.S.C. § 2255, which was denied by Order of this Court on April 5, 2011. A Final Judgment was entered the same day. Necaise was denied a certificate of appealability ("COA") by this Court and by the Fifth Circuit Court of Appeals. He now seeks to set aside the Court's April 5, 2011 Order and Judgment.

To the extent that the defendant seeks to reopen the order and judgment and amend his original § 2255 motion under Fed.R.Civ.P. 15(c) to include additional claims, and to have the amended motion relate back to the original motion, he is attempting to assert unauthorized second or successive § 2255 claims. This Court lacks jurisdiction to hear such claims because Necaise has not obtained authorization under § 2255(h) from the Fifth Circuit Court of Appeals.

To the extent that Necaise seeks to attack alleged defects in the integrity of his federal habeas proceedings, his motion to reopen is untimely.  Rule 60 requires that a motion for relief from judgment based on fraud, misrepresentation or misconduct must be filed within one year from the entry of the judgment or order or the date of the proceeding.  Fed.R.Civ.P. 60(c)(1).  The defendant does not explain why he was unable to assert his claims earlier.  Furthermore, he fails to show that he is entitled to the actual innocence exception to the habeas limitations period.  The Court finds no extraordinary circumstances that would entitle the defendant to reopen his habeas proceedings, and his motion shall be denied.

The Court also denies Necaise a COA.  A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the district court dismisses the petitioner's claims on procedural grounds, the petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. Daniel</u>, 529 U.S. 473, 484 (2000).

Because reasonable jurists would not disagree (1) that the defendant's claims are successive and must be authorized by the Fifth Circuit Court of Appeals prior to filing, and/or (2) that the

2

defendant's claims are untimely, a COA shall not issue.

Accordingly,

IT IS HEREBY ORDERED that the defendant Mark A. Necaise's Motion for Relief from Judgment Under F.R.C.P. 60(b) **(docket entry 99)** is DENIED;

FURTHER ORDERED that a COA shall not issue.

SO ORDERED, this the 20th day of August, 2014.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE